[849 NYS2d 447]

In the Matter of ANDRE STRISHAK, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 29, 2008

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Myron C. Martynetz* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated June 11, 2007, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i), upon a finding that he is guilty of professional misconduct immediately threatening the public interest in that he failed to submit written answers to complaints of professional misconduct filed against him and failed to comply with the lawful demands of the Grievance Committee for the Second and Eleventh Judicial District (hereinafter the Grievance Committee) in connection with its investigation, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent, and the issues raised were referred to the Honorable Jerome M. Becker, as Special Referee to hear and report.

The Grievance Committee now moves to disbar the respondent upon his failure to file an answer to the petition within the time frame set forth by this Court in its decision and order on motion dated June 11, 2007, and directing that the respondent be disciplined upon the charges set forth in the petition.

In view of the respondent's extensive history of failing to cooperate with the Grievance Committee and his refusal to accept personal service, the Grievance Committee was granted leave, in an order to show cause dated March 7, 2007, to serve the respondent by substituted service, pursuant to CPLR 308 (2), via delivery of the papers to a person of suitable age and discretion at the respondent's residence and mailing the papers to that residence.

On March 9, 2007, service of the Grievance Committee's motion for the respondent's immediate suspension, along with the petition and accompanying papers, was made upon the doorman of the respondent's residence and upon the respondent via United States Priority Mail. The decision and order on motion of this Court dated June 11, 2007, was similarly served on June 19, 2007.

The aforesaid decision and order on motion directed the respondent to serve an answer to the petition within 20 days after service upon him. To date, the respondent has neither served an answer to the petition nor requested an extension of time in which to do so.

The petition, dated February 28, 2007, contains one charge of professional misconduct predicated upon the respondent's repeated pattern and practice of failing to cooperate with legiti-

mate investigations of complaints of professional misconduct against him. The petition was predicated upon nine underlying complaints of professional misconduct.

Although the respondent was served with the subject motion to disbar him based upon his default by delivery to his doorman at his residence and mailing to his residence address via Priority Mail, the respondent has failed to either interpose a reply or request additional time in which to do so.

Accordingly, the charge in the petition must be deemed established and the Grievance Committee's motion is granted.

The respondent is disbarred upon default, and service of this opinion and order of disbarment shall be served upon him via substituted service by delivery to a person of suitable age and discretion at his actual place of residence and by mailing this opinion and order to the respondent at that address by first class mail, as authorized by the Presiding Justice in the order to show cause dated March 7, 2007, and as reiterated in this Court's decision and order on motion dated June 11, 2007. The hearing previously authorized by this Court before Special Referee Becker pursuant to the decision and order on motion of this Court dated June 11, 2007, is discontinued in view of the respondent's disbarment.

PRUDENTI, P.J., CRANE, RIVERA, MILLER and COVELLO, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent, Andre Strishak, upon his default is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Andre Strishak, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Andre Strishak, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Andre Strishak, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto,

and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Andre Strishak, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).